Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
EDWARDS LAW OFFICE, P.C.
PO Box 5345
Etna, WY  83118
Phone:   307.883.2222
Fax:   307.883.0555
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com
*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON (deceased),<br><br>Plaintiff,<br><br>v.<br><br>SB MANUFACTURING, INC., a Kansas corporation,<br><br>Defendant. | Civil No.: |

**COMPLAINT**

**COMES NOW** the Plaintiff, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON (deceased), by and through undersigned counsel, and for the cause of action against Defendant SB MANUFACTURING, INC., a Kansas corporation, alleges and states the following:

1.      This is a civil action for Wrongful Death and damages arising out of the use of a defective and hazardous product.

2.      Plaintiff, GREGORY HORROCKS, has been appointed the Wrongful Death Representative of SHIRLEY ANN SAMUELSON. A copy of the Order Appointing Wrongful Death Representative is attached to this Complaint as <u>Exhibit A</u> and is incorporated herein by reference. GREGORY HORROCKS was qualified by the District Court of the 3rd Judicial District, Lincoln County, Wyoming on the 29th day of March 2021 to file suit on behalf of and for the exclusive benefit of beneficiaries who have sustained damage as a result of her wrongful death.

3.      All potential beneficiaries of a recovery for wrongful death and their relationship to the Deceased SHIRLEY ANN SAMUELSON, are identified as follows:

    a. SHIRLEY ANN SAMUELSON c/o GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON;

    b. GREGORY HORROCKS, son, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    c. Malynda Phelps, daughter, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    d. Samuel Weerheim, son, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    e. Margaret Samuelson, mother, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    f. Dianne Moore, sister, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    g. Dean Samuelson, brother, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    h. Joyce Adams, aunt, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

    i. Kyle Moore, nephew, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

j.  Nichole Shelton, niece, beneficiary and survivor of SHIRLEY ANN SAMUELSON, pursuant to Title 1, Chapter 38, Wyoming Statutes;

4.  Plaintiff, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, is entitled and empowered by Wyoming Statutes, Title 1, Chapter 38, Section 102, Wrongful Death, to recover for the Decedent SHIRLEY ANN SAMUELSON's survivors, beneficiaries, and estate, all the damages allowed by law including those pecuniary and exemplary, as shall be deemed fair and just.

5.  At the time of the incident giving rise to this Complaint, Plaintiff, GREGORY HORROCKS, and the Decedent, SHIRLEY ANN SAMUELSON, were residents of Lincoln County, Wyoming.

6.  At all times material hereto, Plaintiff GREGORY HORROCKS was a resident of Lincoln County, Wyoming.

7.  At all times material hereto, Defendant, SB MANUFACTURING, INC., (hereinafter "SB MANUFACTURING") was and is a Kansas corporation authorized to do and doing business throughout the state of Wyoming, for which it receives substantial revenue.

8.  This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, complete diversity of citizenship of the parties exists and this is an action for damages that exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and therefore this action falls within the jurisdictional requirements of this Honorable Court.

9.  SB MANUFACTURING is engaged in the business of designing, manufacturing, testing, marketing, and selling construction, commercial and road sweeper vehicles, which are distributed and sold throughout the United States.  By seeking a nationwide distribution of its products, SB MANUFACTURING has purposefully availed itself of doing business in the state

of Wyoming and has sufficient minimum contacts to justify being subject to the jurisdiction of this Court within the state of Wyoming.

10.     At all times material hereto, SB MANUFACTURING has regularly conducted and is conducting substantial business activity within the state of Wyoming, has made and is making contacts within the state of Wyoming, and, therefore, has submitted itself to the jurisdiction of this Court.

11.     SB MANUFACTURING, submitted itself to the jurisdiction of this Honorable Court by doing personally or through its agents, at all times material to this cause of action, the following acts:

a.  Committing a tortious act within this state by marketing, selling, and delivering defective vehicles, including the 2009 Superior Broom Sweeper, Model Number DT80CT, Serial Number 809911, which is the subject of this Complaint, (hereinafter the "Subject Sweeper Vehicle") to persons, firms or corporations in this state via its distributors, dealers, wholesalers, and brokers.   Such vehicles were used by consumers in Wyoming, including SHIRLEY ANN SAMUELSON, in the ordinary course of commerce and trade;

b.  Conducting and engaging in substantial business and other activities in Wyoming by designing, manufacturing, marketing, and selling defective vehicles, including the Subject Sweeper Vehicle, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers and brokers.  Such vehicles were used by consumers in Wyoming, including SHIRLEY ANN SAMUELSON, by way of her employment with the Wyoming Department of Transportation, in the ordinary course of commerce and trade;

c.  The acts or omissions of Defendant, SB MANUFACTURING, caused injuries to persons in Wyoming, including the death of SHIRLEY ANN SAMUELSON and subsequent injuries to her Estate and survivors.  At or about the time of said injuries, SB MANUFACTURING engaged in solicitation activities in Wyoming to promote the sale, consumption, use, maintenance and/or repair of its vehicles, including the Subject Sweeper Vehicle; and

d.  Selling vehicles, including the Subject Sweeper Vehicle, with knowledge or reason to foresee that their vehicles would be shipped in interstate commerce and would reach the market of Wyoming and its users or consumers.

12.    On or about August 24, 2020, SHIRLEY ANN SAMUELSON and her coworker Jan Vorel, both employees of Wyoming Department of Transportation, were working in their home state of Wyoming, through their employment with the State of Wyoming's Department of Transportation, and were conducting road maintenance operations along Wyoming Highway 22.

13.    In the afternoon of August 24, 2020, SHIRLEY ANN SAMUELSON was using the Subject Sweeper Vehicle to conduct road sweeping operations at a turnout near milepost 13 on Wyoming Highway 22.

14.    Also, in the afternoon of August 24, 2020, Mr. Vorel was hosing out a drainage ditch located at the same turnout near milepost 13 on Wyoming Highway 22.

15.    At approximately 1:00 p.m. on August 24, 2020, SHIRLEY ANN SAMUELSON intended to exit the Subject Sweeper Vehicle to briefly converse with Mr. Vorel about their tasks.  SHIRLEY ANN SAMUELSON stopped the Subject Sweeper Vehicle in the turnout, engaged the vehicle's parking brake, and turned the engine off.

16.     SHIRLEY ANN SAMUELSON then exited the Subject Sweeper Vehicle and walked approximately 50 feet to the rear of the Subject Sweeper Vehicle and began conversing with Mr. Vorel, with her back positioned towards the Subject Sweeper Vehicle.

17.     After a few moments of conversation between SHIRLEY ANN SAMUELSON and Mr. Vorel, the Subject Sweeper Vehicle spontaneously left its resting state and began to roll towards SHIRLEY ANN SAMUELSON and Mr. Vorel, which were located slightly down grade from where the Subject Sweeper Vehicle was parked.

18.     SHIRLEY ANN SAMUELSON's back remained positioned towards the Subject Sweeper Vehicle as it rolled, and she was unaware that the Subject Sweeper Vehicle was rolling.

19.     SHIRLEY ANN SAMUELSON was struck and overrode by the Subject Sweeper Vehicle.

20.     Mr. Vorel noticed the that Subject Sweeper Vehicle was rolling and instinctively jumped out of its path.

21.     The Subject Sweeper Vehicle continued rolling, exited the turnout, crossed both highway travel lanes, and came to rest after striking a cliff face on the opposite side of the highway.

22.     As a result of being struck and overridden by the rolling Subject Sweeper Vehicle, SHIRLEY ANN SAMUELSON was killed by fractured cervical spine with transection of the spinal cord.

23.     Indeed, SHIRLEY ANN SAMUELSON's Death Certificate lists her official cause of death as "Fractured Cervical Spine with Transection of Spinal Cord," "Struck by Rolling Vehicle," and describes that "[d]ecedent was struck by a vehicle, resulting in a fractured

cervical spine with transection of the spinal cord.  She also had multiple head and chest internal injuries."

24.    The Subject Sweeper Vehicle, which spontaneously left its parked position while the parking brake was engaged and struck and killed SHIRLEY ANN SAMUELSON, was manufactured, designed, developed, tested, marketed, and/or distributed by Defendant SB Manufacturing.

**COUNT I – GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON (deceased), NEGLIGENCE AGAINST SB MANUFACTURING, INC**

25.    Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

26.    Defendant SB MANUFACTURING designed, manufactured, inspected, distributed, and sold the Subject Sweeper Vehicle.

27.    Defendant SB MANUFACTURING knew or in the exercise of due care should have known that the Subject Sweeper Vehicle would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to SB MANUFACTURING's product users, consumers and/or bystanders.

28.    Defendant SB MANUFACTURING was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and sell the Subject SB MANUFACTURING in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Sweeper Vehicle, including the Decedent SHIRLEY ANN SAMUELSON.

29.    Defendant SB MANUFACTURING, as the designer and manufacturer of the Subject Sweeper Vehicle, was under a duty to exercise ordinary care in the design and

manufacturing of its vehicles, including the Subject Sweeper Vehicle, to reduce injuries to consumers from use of such a product.

30.     Defendant SB MANUFACTURING breached its duty to Plaintiff by designing the Subject Sweeper Vehicle as defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed as follows:

a.  By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Sweeper Vehicle and its components, so that the Subject Sweeper Vehicle failed, the Subject Sweeper Vehicle's emergency brake system failed to hold the vehicle when engaged, and the Subject Sweeper Vehicle spontaneously rolled and struck SHIRLEY ANN SAMUELSON, and killing SHIRLEY ANN SAMUELSON;

b.  By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Sweeper Vehicle so as not to detect problems with the vehicle's defective parking brake system and propensity to fail to hold the vehicle while engaged, thereby rendering the Subject Sweeper Vehicle unfit for the regular purpose for which it was intended;

c.  By allowing its employees, agents, servants, representatives and/or permissive drivers to negligently inspect, service, repair, and maintain the Subject Sweeper Vehicle so as not to detect problems with the vehicle's defective parking brake system and propensity to fail to hold the vehicle while engaged, thereby permitting the Subject Sweeper Vehicle to perform in a matter that was unreasonably dangerous as expected by the ordinary, reasonable consumer;

d.  By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Sweeper Vehicle so as not to detect problems with the vehicle's defective parking brake system and propensity to fail to hold the vehicle while engaged, thereby rendering the Subject Sweeper Vehicle unfit for the express purpose for which it was warranted and sold to SHIRELY ANN SAMUELSON's employer, Wyoming Department of Transportation – sweeping road and highway areas of her home state of Wyoming;

e.  Failing to warn that the Subject Sweeper Vehicle was unreasonably dangerous, in that it had a defective, insufficient parking brake mechanism, creating an unreasonable risk of failing to hold vehicles while engaged and resultant injury;

f.  Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper inspection, maintenance, and repair of the Subject Sweeper Vehicle and its component parts, including but not limited to the defective parking brake mechanism and propensity to fail hold vehicles while engaged;

g.  Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper warnings and instructions made in connection with the sale, and maintenance of the Subject Sweeper Vehicle, particularly as it concerned the vehicle's dangerous propensity to roll unexpectedly while the vehicle's parking brake mechanism was engaged, which rendered it unreasonably dangerous to the ordinary consumer's expectations and rendered it unfit for its regular purposes;

h.  The Subject Sweeper Vehicle was unreasonably dangerous for its intended use;

i.  The Subject Sweeper Vehicle was defectively designed in that it contained defective materials and components;

j.  The Subject Sweeper Vehicle was generally defective in its design because it failed to utilize an appropriate design that would not fail when being used as advertised and marketed, including when the Subject Sweeper Vehicle was operated on a slight slope;

k.  The Subject Sweeper Vehicle was generally defective in its design because it failed to utilize an appropriate design that would not fail when being used as advertised and marketed, including when the Subject Sweeper Vehicle was operated on a slight slope;

l.  The Subject Sweeper Vehicle was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury and death to SHIRLEY ANN SAMUELSON – to wit, the Subject Sweeper Vehicle was designed with a parking brake system that was insufficient to withstand operation and hold the vehicle when engaged on an incline;

m.  The Subject Sweeper Vehicle was defective because it was not designed adequately and failed to perform as a reasonable consumer would expect, thus leading to the chain of events that caused injury and death to SHIRLEY ANN SAMUELSON – to wit, the Subject Sweeper Vehicle was designed with a parking brake system that was insufficient to withstand operation and hold the vehicle when engaged on an incline;

n. The Subject Sweeper Vehicle was defective because Defendant SB MANUFACTURING failed to design the vehicle for the foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect and failed to incorporate designs that would minimize risk of failing to hold the vehicle while the parking brake system was engaged under normal and foreseeable circumstances, including operation of the Subject Sweeper Vehicle on an incline; and

o. The Subject Sweeper Vehicle lacked adequate warnings to owners and foreseeable users of the unreasonably dangerous and defective conditions described above, despite the fact that Defendant SB MANUFACTURING knew or in the exercise of reasonable care should have known of the unreasonably dangerous and defective condition.

31.    Negligent design and manufacture of the Subject Sweeper Vehicle by Defendant SM MANUFACTURING was the proximate and legal cause of Plaintiff's injuries sustained in the subject incident including the death of SHIRLEY ANN SAMUELSON as a consumer using the Subject Sweeper Vehicle.

32.    Plaintiff is informed and believes and thereon alleges that Defendant SB MANUFACTURING designed, manufactured, marketed, and distributed the Subject Sweeper Vehicle in an unreasonably dangerous condition in many ways, that include the following:

a. SB MANUFACTURING knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Sweeper Vehicle into the stream of commerce, that the Subject Sweeper Vehicle was unreasonably dangerous for the use to which it would foreseeably be put, in that

it was designed with a parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline;

b. SB MANUFACTURING knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Sweeper Vehicle into the stream of commerce, that the Subject Sweeper Vehicle was unreasonably dangerous for the use to which it would foreseeably be put, in that it could be manufactured with a parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline;

33.    As a direct and proximate result of the foregoing conduct of Defendant SB MANUFACTURING the Decedent, SHIRLEY ANN SAMUELSON, sustained catastrophic injuries, mental anguish, loss of earnings, medical expenses, funeral expenses, and death.

34.    As a direct and proximate result of the foregoing conduct of Defendant SB MANUFACTURING the beneficiaries of the Decedent, SHIRLEY ANN SAMUELSON, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice; loss of support and income as well as services, protection, care and assistance from SHIRLEY ANN SAMUELSON; and funeral and medical expenses for the care and final burial of SHIRLEY ANN SAMUELSON.

WHEREFORE, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, deceased, demands judgment for any and all damages available under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant SB MANUFACTURING, INC., a Kansas corporation and for such other and further relief deemed proper by the Court.

Plaintiff also demands a jury trial on all issues so triable as a matter of right.

## COUNT II – GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, (deceased) STRICT LIABILITY AGAINST SB MANUFACTURING, INC.

35.     Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

36.     Defendant SB MANUFACTURING is in the business of designing, manufacturing, marketing, and selling self-propelled road brooms, construction, maintenance sweepers and commercial street sweeper vehicles, including the Subject Sweeper Vehicle.

37.     Defendant SB MANUFACTURING designed, manufactured, inspected, distributed, and sold the Subject Sweeper Vehicle.

38.     Defendant SB MANUFACTURING sold and ultimately placed the Subject Sweeper Vehicle into the stream of commerce.

39.     Defendant SB MANUFACTURING knew or in the exercise of due care should have known that the Subject Sweeper Vehicle would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to end-users, consumers and/or bystanders.

40.     Defendant SB MANUFACTURING was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and sell the Subject Sweeper Vehicle in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Sweeper Vehicle, including the Decedent SHIRLEY ANN SAMUELSON.

41.     The Subject Sweeper Vehicle was defective and in an unreasonably dangerous condition for its ultimate users, operators, and/or consumers when sold and distributed as follows:

    a.  The Subject Sweeper Vehicle lacked adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline;

    b.  The Subject Sweeper Vehicle was sold by Defendant SB MANUFACTURING without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the use of an insufficient and inadequate parking brake mechanism coupled with a hydrostatic transmission lacking a mechanism for locking the vehicle's wheels when parked;

    c.  Based on the immediately preceding design defects, the Subject Sweeper Vehicle was unreasonably dangerous for its intended use;

    d.  The Subject Sweeper Vehicle was defective because it was not designed adequately and it failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury to Plaintiffs from the death of SHIRLEY ANN SAMUELSON; and

    e.  The Subject Sweeper Vehicle was defective because SB MANUFACTURING failed to warn of and failed even to inspect for design and/or manufacturing defects that would manifest under foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect – spontaneously

rolling when parked with the parking brake engaged while being operated on a slope, which led directly to the death of SHIRLEY ANN SAMUELSON.

42.    The Subject Sweeper Vehicle's lack of testing, or quality control in connection with its design, manufacture, and performance, rendered the Subject Sweeper Vehicle unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including SHIRLEY ANN SAMUELSON.

43.    The Subject Sweeper Vehicle failed to perform safely, as warranted and represented by SB MANUFACTURING in connection with its design, manufacture, and sale of the Subject Sweeper Vehicle, because of the above-described defects, and especially for the expressed purpose of using the Subject Sweeper Vehicle to clean surfaces of highways, roadways, and other vehicle traffic areas of various grades, inclines and declines.

44.    The unreasonably dangerous and defective condition of the Subject Sweeper Vehicle – the parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline – existed at the time the Subject Sweeper Vehicle left SB MANUFACTURING's custody and control.

45.    At the time Subject Sweeper Vehicle was designed, manufactured, and sold into the stream of commerce, Defendant SB MANUFACTURING expressly and impliedly warranted that the Subject Sweeper Vehicle was reasonably fit and safe for its intended purposes and that the Subject Sweeper Vehicle was of merchantable quality throughout.

46.    The defects above directly and proximately caused the subject incident and injuries to Plaintiff GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, in that they directly and in natural and continuous sequence, produced or contributed substantially to Plaintiff's injuries and the death of SHIRLEY ANN SAMUELSON.

47.    For the reasons set forth above, the Subject Sweeper Vehicle was defective and unreasonably dangerous to foreseeable users and/or bystanders, including SHIRLEY ANN SAMUELSON, who came into contact with the Subject Sweeper Vehicle in an ordinary and foreseeable manner.

48.    As a direct and proximate result of the Subject Sweeper Vehicle's defective condition, the Decedent, SHIRLEY ANN SAMUELSON, sustained catastrophic injuries, mental anguish, loss of earnings, medical expenses, funeral expenses, and death.

49.    As a direct and proximate result of the Subject Sweeper Vehicle's defective condition, the beneficiaries of the Decedent, SHIRLEY ANN SAMUELSON, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice; loss of support and income as well as services, protection, care and assistance from SHIRLEY ANN SAMUELSON; and funeral and medical expenses for the care and final burial of SHIRLEY ANN SAMUELSON.

**COUNT III – GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, (deceased) BREACH OF WARRANTY AGAINST SB MANUFACTURING, INC.**

50.    Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

51.    Defendant SB MANUFACTURING is in the business of designing, manufacturing, marketing, and selling self-propelled road brooms, construction, maintenance sweepers and commercial street sweeper vehicles, including the Subject Sweeper Vehicle.

52.    Defendant SB MANUFACTURING designed, manufactured, inspected, distributed, and sold the Subject Sweeper Vehicle.

53.     Defendant SB MANUFACTURING sold and ultimately placed the Subject Sweeper Vehicle into the stream of commerce.

54.     Defendant SB MANUFACTURING knew or in the exercise of due care should have known that the Subject Sweeper Vehicle would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to end-users, consumers and/or bystanders.

55.     Defendant SB MANUFACTURING was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and sell the Subject Sweeper Vehicle in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Sweeper Vehicle, including the Decedent SHIRLEY ANN SAMUELSON.

56.     The Subject Sweeper Vehicle was defective and in an unreasonably dangerous condition for to ultimate users, operators, and/or consumers when sold and distributed as follows:

      a.  The Subject Sweeper Vehicle was sold by Defendant SB MANUFACTURING without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline;

      b.  The Subject Sweeper Vehicle was sold by Defendant SB MANUFACTURING without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the use of an insufficient and

inadequate parking brake mechanism coupled with a hydrostatic transmission lacking a mechanism for locking the vehicle's wheels when parked;

c. Based on the immediately preceding design defects, the Subject Sweeper Vehicle was unreasonably dangerous for its intended use;

d. The Subject Sweeper Vehicle was defective because it was not designed adequately and it failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury to Plaintiffs from the death of SHIRLEY ANN SAMUELSON; and

e. The Subject Sweeper Vehicle was defective because SB MANUFACTURING failed to warn of and failed even to inspect for design and/or manufacturing defects that would manifest under foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect – spontaneously rolling when parked with the parking brake engaged while being operated on a slope, which led directly to the death of SHIRLEY ANN SAMUELSON.

57.     Defendant SB MANUFACTURING's lack of inspection, testing, or quality control in connection with the Subject Sweeper Vehicle's design, manufacture, and performance, coupled with its representations about safe performance, rendered the Subject Sweeper Vehicle unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including SHIRLEY ANN SAMUELSON.

58.     The Subject Sweeper Vehicle failed to perform safely, as warranted and represented by SB MANUFACTURING in connection with its design, manufacture, and sale of the Subject Sweeper Vehicle, because of the above-described defects, and especially for the

expressed purpose of using the Subject Sweeper Vehicle to clean surfaces of highways, roadways, and other vehicle traffic areas of various grades, inclines and declines.

59.     The unreasonably dangerous and defective condition of the Subject Sweeper Vehicle – the parking brake system that was insufficient to withstand operation and adequately hold the vehicle when engaged on an incline – existed at the time the Subject Sweeper Vehicle left SB MANUFACTURING's custody and control.

60.     At the time Subject Sweeper Vehicle was designed, manufactured, and sold into the stream of commerce, Defendant SB MANUFACTURING expressly and impliedly warranted that the Subject Sweeper Vehicle was reasonably fit and safe for its intended purposes and that the Subject Sweeper Vehicle was of merchantable quality throughout.

61.     Defendant SB MANUFACTURING breached said express and implied warranties in that the Subject Sweeper Vehicle was not fit or reasonably safe for its intended purposes and not of merchantable quality at the time it left SB MANUFACTURING's hands.

62.     The defects above directly and proximately caused the subject incident and injuries to Plaintiff GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, in that they directly and in natural and continuous sequence, produced or contributed substantially to Plaintiff's injuries and the death of SHIRLEY ANN SAMUELSON.

63.     For the reasons set forth above, the Subject Sweeper Vehicle was defective and unreasonably dangerous to foreseeable users and/or bystanders, including SHIRLEY ANN SAMUELSON, who came into contact with the Subject Sweeper Vehicle in an ordinary and foreseeable manner.

64.     As a direct and proximate result of the foregoing breach of warranty by Defendant SB MANUFACTURING, the Decedent, SHIRLEY ANN SAMUELSON, sustained catastrophic injuries, mental anguish, loss of earnings, medical expenses, funeral expenses, and death.

65.     As a direct and proximate result of the foregoing breach of warranty by Defendant SB MANUFACTURING, the beneficiaries of the Decedent, SHIRLEY ANN SAMUELSON, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice; loss of support and income as well as services, protection, care and assistance from SHIRLEY ANN SAMUELSON; and funeral and medical expenses for the care and final burial of SHIRLEY ANN SAMUELSON.

**WHEREFORE**, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, (deceased), demands judgment for any and all damages available under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant SB MANUFACTURING, INC., a Kansas corporation and for such other and further relief deemed proper by the Court.

Plaintiff requests that the Court issue a Summons to the above-named Defendant to answer or defend against this Complaint.

## JURY DEMAND

Plaintiff, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, hereby demands a jury of six (6) persons on all issues so triable.

WHEREFORE, Plaintiff, GREGORY HORROCKS, as Wrongful Death Representative of SHIRLEY ANN SAMUELSON, (deceased), demands judgment against Defendant SB MANUFACTURING, INC., for pre-judgment interest as allowed by law; post-judgment interest

as allowed by law; pecuniary and exemplary damages; costs of suit; and such other relief, at law

or equity, to which Plaintiff may be justly entitled.

RESPECTFULLY submitted this _16th_ day of April, 2021

PLAINTIFF GREGORY HORROCKS

By: _____
Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
P.O. Box 5345
Etna, WY  83118
Ph:  307-883-2222
Fax:  307-883-0555
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com
*Attorneys for Plaintiff*